## CROCKETT vs. DODGE & als.

In the case of a voluntary sacrifice of a cargo of lime, for the preservation of the vessel, by scuttling her, the Court held, that the owners of the cargo had no claim against the owners of the ship for contribution upon the principle of general average, if at the time of the sacrifice of the cargo *there was no possibility of saving it.*

THIS was an action of *assumpsit*, in which the plaintiff claimed contribution of the defendants, upon the ground of general average, alleging that he had a quantity of lime on board the defendant's schooner *Rambler*, and that the same was sacrificed for the preservation of the vessel. The general issue was pleaded and joined.

It appeared in evidence, that in May, 1831, the defendants' schooner *Rambler*, was lying at a wharf in *East Thomaston*, taking in a cargo of lime for the plaintiff, and before she was fully laden, the lime on board took fire. The vessel was thereupon closed up, according to the usual course upon such occasions, in order to deaden and extinguish the fire. The two days following, the vessel was opened and a part of the lime saved, and the sails and rigging were also taken from her; but on the third day she was hauled off from the wharf and scuttled, by which the lime became of no value, and the vessel was preserved.

The counsel for the defendants requested the Court to instruct the jury, 1. That the plaintiff had no claim if the lime could not, when the vessel was scuttled, by any means possibly have been saved. 2. That if the lime in its condition and situation at that time was of no value, the plaintiff was not entitled to contribution. Intending to reserve these questions for the whole Court, the presiding Judge withheld these instructions.

The counsel for the defendants further requested the Judge to instruct the jury, that if the sails, rigging and furniture did not owe their preservation to the destruction of the lime, they were not to contribute to repair the loss — which request was complied with. 4. That, the damage to the vessel by the fire so far as it was occasioned by opening her to preserve the lime, entitled the *defendants* to contribution. The Court did not give this instruc-

tion, but stated to the jury, that for the damage to the vessel, occasioned by scuttling, the defendants were entitled to contribution.

The court instructed the jury further, that if the destruction of the lime was the foreseen and inevitable consequence of the scuttling of the vessel, and that if by this sacrifice, the safety of the vessel was purchased, the owners of the lime had a claim for contribution, upon the principles of general average, but that its value must be estimated, as if in safety in its deteriorated state. That, the value of the vessel, deducting therefrom the deterioration caused by the fire, and without estimating the sails and rigging which had been previously removed, and the value of the cargo, as it was, if in a place and condition of safety, was to contribute to the loss to the owners of the cargo, occasioned by scuttling and sinking the vessel, and to the loss arising to the owners from that act.

A verdict was returned by the jury, for the plaintiff, in conformity to these instructions which was to stand, be amended, or set aside according to the opinion of the Court upon the whole case.

*Sprague* and *J. S. Abbott*, for the defendants, argued in support of the positions taken at the trial, and cited the following authorities : *Stevens and Benecke, (Phil. ed.)* 67, 96, 99 ; *Nickerson* v. *Tyson, 8 Mass.* 467 ; *Abbott on Shipping*, 349, *n.* 1. ; *Bradhurst* v. *Col. Ins. Co. 9 Johns.* 9.

*Allen*, for the plaintiff, cited *Phil. Ins.* 337 ; *Park's Ins.* 145 ; *Molloy, tit. Average*, sec. 15 ; 2 *Poth.* 128, 414 ; *Hall's Rep.* 442 ; 1 *Caine's Rep.* 214.

WESTON C. J. — A measure was in this case deliberately taken, by which the vessel was preserved. That measure was necessarily attended with the certain destruction of the plaintiff's lime. It may then be assumed that the sacrifice of that, was the price of the safety of the vessel. Had the lime thus sacrificed any value ? If it had, the plaintiff is entitled to contribution, upon the principles of general average. *Benecke on average*, 110, *Phillips'* edition, lays down the law to be, that if but for the voluntary destruction of part, the whole would certainly and unavoidably have been lost, no claim for contribution could be

sustained; because a thing cannot be said to have been sacrificed, which had already ceased to be of any value. But if there be a possibility of saving the ship and cargo, and the master deliberately resorts to this measure, because he thinks it more prudent to sacrifice a part, it is a case for general average.

If the lime, in the condition in which it then was, could by no possibility be saved it was of no value, and the owner lost nothing by the course pursued. The possibility of preservation is generally to be presumed. The impossibility of saving that, which had been destroyed, it may in most cases be difficult to establish by proof, yet, unless it be made to appear to the satisfaction of a jury, the claim of contribution, which is a favored one, is to be sustained. Where the peril admits of a selection, and the part destroyed might have been saved by the sacrifice of the part preserved, it is a case for contribution ; for the part sacrificed might have been selected for preservation. *Benecke* cites no authority in support of the rule before stated, but it is based upon the principle upon which general average is founded, which is, that something valuable is sacrificed for the safety of what remains.

It is remarkable that among a people so highly commercial as the English, very few judicial decisions on general average can be found. *Abbot*, afterwards *Lord Tenderden*, in his learned treatise on merchant ships and seamen, 327, says, " the determination of English courts of justice, furnish less authority on this subject, than on any other branch of maritime law, there being only three reported cases of questions between the parties liable to contibution in the first instance, and very few questions between the party so liable and the insurer, from whom indemnity has been sought." Nor has the question been often the subject of judicial investigation in this country. Two such cases only have been cited in the argument. The one was in *New-York, Bradhurst* v. *The Col. Ins. Co.* 9 *John.* 9. There a ship in a case of extremity was run on shore. The ship was lost, but the cargo saved. It was held not to be a case of general average. The ship was not voluntarily sacrificed to preserve the cargo, but in a case of extreme peril, she was run on shore, as a measure by which it was hoped that both might be preserved. The other is *Nicker-*

*son* v. *Tyson*, 8 *Mass.* 467. There the bowsprit, masts and yards of a vessel, and the rigging and sails attached thereto, having been suddenly carried away, without the agency of the captain or crew, by the violence of the wind, but remained in the sea, attached to the vessel by some of the rigging. And the ends of the masts and bowsprit, beating at times against the bow and sides, it was determined by the master and crew, for the preservation of the vessel and cargo, to free them from the vessel. The court held, that at the utmost, all the owners of the vessel could claim, would be a contribution proportioned to their value, when thus hanging by her side.

We are of opinion, that if in this case there was no possibility of saving the plaintiff's lime, he has no claim for contribution. Upon this question the jury have not passed, and there must be a new trial, that it may be settled.

If the jury should be of opinion, that there was a possibility that the lime might have been saved, we are satisfied with the correctness of the principles, upon which the plaintiff's claim for contribution was settled at the former trial.

*New trial granted.*